**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARIE BURKE, a/k/a MARIE JEAN-PHILIPPE, | CIVIL ACTION NO. 10-4796 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| MONMOUTH COUNTY PROSECUTOR'S OFFICE, |  |
| Defendant. |  |

**COOPER, District Judge**

The plaintiff, Marie Burke, a/k/a Marie Jean-Philippe ("Plaintiff") brings this action alleging claims under 42 U.S.C. § ("Section") 1983 for malicious prosecution, conspiracy, and failure to instruct and/or exercise supervisory control, as well as state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress (the "emotional distress claims"). (Dkt. entry no. 1, Compl.)[1] The defendant, Monmouth County Prosecutor's Office ("Defendant"), now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). (Dkt. entry no. 11, Mot. for J. on the Pleadings.) The Court decides the motion on the papers,

---

[1] The Complaint characterizes the emotional distress claims as "violation[s] of" Section 1983. (Compl. at 8.) However, the Complaint also makes reference to "the pendent claim" and invokes the Court's supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. (Compl. at ¶ 2.) The Court views the emotional distress claims as state law claims.

pursuant to Rule 78(b). For the following reasons, the Court will grant the motion.

## BACKGROUND

For purposes of addressing this motion only, the Court will accept the following allegations contained in the Complaint as true, although it appears that the material facts are not in dispute. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004).

Plaintiff experienced a psychiatric episode on October 27, 2008, that caused her to have a delusional belief that children at a local school were in imminent harm of being attacked. (Compl. at ¶ 7.) She went to the school to warn school officials of the perceived threat, who responded by contacting the police department. (Id. at ¶¶ 8-9.) Plaintiff was arrested and charged with creating a false public alarm under N.J.S.A. § 2C:33-3(a). (Id. at ¶¶ 10, 14.)

Plaintiff alleges that Defendant knew she was suffering from mental illness at the time of the school incident, and therefore should not have prosecuted her for causing a false public alarm, insofar as the statute requires that the false alarm be made "knowing that the report or warning is false or baseless." (Id. at ¶¶ 14-15.) She also complains that Defendant produced no exculpatory evidence to that effect during the presentation to the Grand Jury, which resulted in her indictment on the false

2

public alarm charge and caused her to be subjected to the rigors of a criminal trial.  (Id. at ¶ 20.)  At Plaintiff's trial, the prosecution produced a single witness, the arresting officer, who testified that in his view, Plaintiff had been suffering from a mental disease or defect at the time of the school incident.  (Id. at ¶¶ 23-24.)  A jury found Plaintiff not guilty by reason of insanity.  (Id. at ¶ 25.)

## DISCUSSION

Defendant moves for judgment on the pleadings pursuant to Rule 12(c) on the grounds that it is absolutely immune from liability under Section 1983 and the New Jersey Tort Claims Act, because the acts alleged in the Complaint all involve the exercise of Defendant's prosecutorial functions.  (Dkt. entry no. 11, Def. Br.)  Plaintiff opposes the motion.  (Dkt. entry no. 11, Pl. Br.)

**I.   Rule 12(c) Standard**

Rule 12(c) provides that a party may move for judgment on the pleadings.  The movant under Rule 12(c) must show clearly that no material issue of fact exists and that it is entitled to judgment as a matter of law.  Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).  In reviewing a Rule 12(c) motion, the Court must view the facts in

the pleadings and the inferences therefrom in the light most favorable to the nonmovant.  Id.

Plaintiff contends that the motion for judgment on the pleadings is procedurally improper because Defendant relies on "statements of 'fact' . . . that Defendant presented 'all' evidence to the grand jury," a stance with which Plaintiff disagrees.  (Pl. Br. at 3.)  For reasons explained below, we find that no material issue of fact exists that would warrant either denial of Defendant's Rule 12(c) motion or conversion of the motion to one for summary judgment under Rule 56.

**II.  Section 1983 Claims**

Plaintiff brings claims under Section 1983 for malicious prosecution, conspiracy, and failure to instruct and/or exercise supervisory control.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Therefore, to state a claim under Section 1983, a plaintiff must allege:  (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person amenable to suit under Section 1983 and acting under color of

state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### A.   Defendant is not a "Person" Amenable to Suit under Section 1983

We begin our analysis with the observation, not raised by the parties, that the Monmouth County Prosecutor's Office is an arm of the state and therefore entitled to sovereign immunity afforded by the Eleventh Amendment of the United States Constitution.  See Beightler v. Office of Essex Cnty. Prosecutor, 342 Fed.Appx. 829, 832 (3d Cir. 2009); Peteete v. Asbury Park Police Dep't, No. 09-1220, 2010 WL 1133440, at *2-3 (D.N.J. Mar. 22, 2010).  The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States against citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const. amend. XI.

Eleventh Amendment immunity applies to agencies, departments, and officials of the state "even though the state is not named as a party to the action as long as the state is the real party in interest."  Carter v. City of Phila., 181 F.3d 339, 347 (3d Cir. 1999) (quotation omitted).  The state is the real party in interest in a suit against a prosecutor's office such as Defendant because the payment of any judgment arising out of this suit would come from the state treasury, and Defendant acts as a state entity when performing its prosecutorial functions in that

5

it is subject to the direction and supervision of the Attorney General of New Jersey.  N.J.S.A. § 52:17-106B; <u>Wright v. State</u>, 778 A.2d 443, 464 (N.J. 2001).

The conduct alleged in the Complaint--presenting the charges against Plaintiff to the Grand Jury and then prosecuting the case through to trial--solely involves the "classic law enforcement and investigative functions for which [county prosecutors' offices] are chiefly responsible," as opposed to administrative-type functions.  <u>See</u> <u>Beightler</u>, 342 Fed.Appx. at 832.  Because Defendant is therefore an arm of the state and entitled to Eleventh Amendment immunity, it is not a "person" subject to suit under Section 1983.  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66-67, 70-71 (1989) (observing that Congress, in passing Section 1983, did not intend to abrogate Eleventh Amendment or common law immunities, and holding that "neither a state nor its officials acting in their official capacities are 'persons' under Section 1983").  Defendant would be entitled to dismissal of the Complaint on that basis alone.  <u>See</u> <u>Briggs v. Moore</u>, 251 Fed.Appx. 77, 79 (3d Cir. 2007); <u>West v. City of Jersey City Police Dep't</u>, No. 09-2836, 2009 WL 2016221, at *2 (D.N.J. July 7, 2009).  However, because the parties did not address this issue, we consider the alternative bases for entering judgment in favor of Defendant.

6

### B. Absolute Prosecutorial Immunity from Section 1983 Claims

A state prosecuting attorney is absolutely immune from a civil suit for damages under Section 1983 for actions taken in the scope of his or her prosecutorial duties, including initiating a prosecution and presenting the state's case.  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); see also Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.").  The conduct complained of involves Defendant's presenting the false public alarm charge to the Grand Jury and prosecuting the case against Plaintiff after the Grand Jury returned an indictment.  Thus, to the extent the Complaint is asserted against Defendant and individual unnamed prosecutors employed by Defendant, they are not amenable to suit under Section 1983 for the conduct alleged.[2]

Plaintiff contends that Defendant should not be entitled to absolute prosecutorial immunity because it failed to present exculpatory evidence of Plaintiff's mental state at the time of

---

[2] Plaintiff asserts that her "claims are directed at the Monmouth County Prosecutor's Office" and expressly denies that "individual prosecutors are being sued in this litigation." (Pl. Br. at 14.)  As noted previously, this is a fatal approach, insofar as the Monmouth County Prosecutor's Office is immune from suit under the Eleventh Amendment.  See supra at 5-6.

the school incident to the Grand Jury, and therefore acted with malice. (Pl. Br. at 5-6.) This argument fails. "It is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity. . . . [T]he 'deliberate withholding of exculpatory information' is included within the 'legitimate exercise of prosecutorial discretion.'" Yarris v. County of Del., 465 F.3d 129, 137 (3d Cir. 2006) (quoting Imbler, 424 U.S. at 431-32 n.34). Prosecutors are absolutely immune for decisions to withhold exculpatory evidence both during presentment to the Grand Jury and in the context of pretrial proceedings. United States v. Williams, 504 U.S. 36, 51 (1992); Yarris, 465 F.3d at 137 (finding state prosecutors "absolutely immune from claims based on allegations that they 'intentionally concealed' exculpatory evidence prior to trial"). Plaintiff acknowledges that the sole prosecution witness at her trial, the arresting officer, testified that "in his view the Plaintiff was suffering from a mental disease or defect at the time of the school incident," and there is no suggestion that the exculpatory evidence as to Plaintiff's mental state at the time of the incident was withheld during or after trial.

To the extent the Complaint alleges that Defendant or unnamed employees of Defendant are liable under Section 1983 for

failure to instruct and/or exercise supervisory control over the individuals involved in prosecuting Plaintiff, supervisory prosecutors are equally entitled to absolute immunity as those prosecutors conducting the proceedings.  <u>Van de Kamp v. Goldstein</u>, 555 U.S. 335, 129 S.Ct. 855, 861-64 (2009).

Because Defendant is entitled to prosecutorial immunity as to the Section 1983 claims, we decline to further address the merits of those claims.

**III. State Law Emotional Distress Claims**

   **A.   Public Entity Immunity under New Jersey Tort Claims Act**

Defendant argues that insofar as the Complaint alleges state law emotional distress claims, it is immune under the New Jersey Tort Claims Act.  (Def. Br. at 13-14.)  We agree, although in light of Plaintiff's insistence that she pursues these claims against the Monmouth County Prosecutor's Office rather than individual prosecutors, <u>see</u> <u>supra</u> n.2, we direct our focus to the immunities applicable to public entities rather than public employees.  (<u>Cf.</u> Def. Br. at 14-16.)

A public entity such as Defendant is not liable in tort "for an injury resulting from the exercise of judgment or discretion vested in the entity," nor may it be held liable for "judicial action or inaction."  N.J.S.A. § 59:2-3.  A public entity exercises discretion in making either "high-level planning decisions" or "operational . . . decisions . . . made in the face

9

of competing demands, involv[ing] whether or how to apply existing resources," including personnel resources. <u>Longo v. Santoro</u>, 480 A.2d 934, 940 (N.J. App. Div. 1984) (internal quotations omitted). The immunity of public entities is absolute, and applies even as to allegations of "malice or willful misconduct." <u>Delbridge v. Schaeffer</u>, 569 A.2d 872, 886 (N.J. App. Div. 1989) (distinguishing absolute immunity of public entities under N.J.S.A. § 59:2-3(b) from qualified immunity of individual public employees under N.J.S.A. § 59:3-2).

We find that Defendant's decision to present the charges against Plaintiff to the Grand Jury and then to prosecute Plaintiff for causing a false public alarm falls within the scope of its discretion as a prosecutor's office, and Defendant is therefore absolutely immune from Plaintiff's tort claims. N.J.S.A. § 59:2-3; <u>see</u> <u>Hyatt v. Cnty. of Passaic</u>, 340 Fed.Appx. 833, 837 (3d Cir. 2009).

Even if the conduct at issue could be deemed ministerial rather than "discretionary" within the meaning of the statute, however, the New Jersey Tort Claims Act also provides that with respect to individual prosecutors, "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment," N.J.S.A. § 59:3-8, and that "[a] public entity is not liable for an injury resulting from an act or omission of a

public employee where the public employee is not liable," N.J.S.A. § 59:2-2(b). Although an exception to public employee immunity exists where the conduct at issue "was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct," N.J.S.A. § 59:3-14, "[a] public entity is <u>not</u> liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct," N.J.S.A. § 59:2-10 (emphasis added). A reading of these provisions together leads the Court to conclude that, even assuming without finding that Plaintiff could show that Defendant or individual prosecutors acted with actual malice in prosecuting Plaintiff, Defendant would remain absolutely immune from Plaintiff's tort claims. <u>See</u> <u>Kee v. Camden Cnty.</u>, No. 04-0842, 2006 WL 2827733, at *6-7 (D.N.J. Sept. 28, 2006) ("Courts in this District have interpreted Section 59:2-10 of the New Jersey Tort Claims Act to bar public entities from liability for claims of intentional torts, including claims for intentional infliction of emotional distress."); <u>see also</u> <u>Jacobs v. City of Bridgeton</u>, No. 05-428, 2006 WL 3496852, at *4 n.2 (D.N.J. Dec. 4, 2006) (noting that prosecutor's office "has absolute immunity from . . . suits brought under state law, <u>see</u> N.J.S.A. §§ 59:2-2(b), 3-3, 3-8.").

**B. Notice Provisions of New Jersey Tort Claims Act**

The Court suspects that Defendant would be entitled to judgment on the emotional distress claims on the alternate basis

11

that Plaintiff has failed to comply with the notice provisions of the New Jersey Tort Claims Act.  These provisions require that a plaintiff must provide notice of a tort claim to the public entity or public employee she intends to sue within ninety days of accrual of the cause of action.  See N.J.S.A. § 59:8-3 and -8.  Such plaintiff is "forever barred" from recovering against a public employee or public entity for failure to comply with this notice provision, or where two years have elapsed since the accrual of the claim.  N.J.S.A. § 59:8-8(a)-(b).  The notice of claim requirement applies to state law tort claims brought in federal court where a plaintiff also alleges federal and state constitutional violations.  Cnty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 174-75 (3d Cir. 2006).

A cause of action accrues when the combination of facts and events exist which authorizes one party to maintain an action against another.  Shontz v. Cumberland Cnty., 2008 WL 2329928, at *3 (N.J. App. Div. June 9, 2008); see N.J.S.A. § 59:8-1.  Assuming Plaintiff's emotional distress claims accrued on some date prior to her filing the Complaint in this action on September 17, 2010, the time for providing notice to Defendant of her tort claim has long passed if she has not yet done so.

**CONCLUSION**

The Court concludes that Defendant, in addition to being immune from suit under the Eleventh Amendment, is entitled to

absolute immunity as to each of the claims alleged.  The Court will enter judgment in favor of Defendant on the Complaint in its entirety.  The Court will issue an appropriate order and judgment.

                                                                s/ Mary L. Cooper
                                                              **MARY L. COOPER**
                                                              United States District Judge

Dated:    April 19, 2011